IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA

v.                                              CRIMINAL NO. 3:13-cr-00021-GHD-SAA-1

DENISHA PORE                                                      DEFENDANT

## MEMORANDUM OPINION DENYING WITHOUT PREJUDICE DEFENDANT DENISHA PORE'S MOTION TO ADJUST RESTITUTION PAYMENT

"The Mandatory Victim's Restitution Act requires a court to order restitution irrespective of ability to pay." *United States v. Miller*, 406 F.3d 323, 328 (5th Cir. 2005) (citing 18 U.S.C. § 3664(f)(1)(A)). " 'Once a court has set the amount of restitution owed to the victim, it must then provide a schedule for payment of the award, considering the factors listed in 18 U.S.C. § 3664(f)(2).' " *United States v. McKenzie*, 550 F. App'x 221, 227 (5th Cir. 2013) (quoting *United States v. Arledge*, 553 F.3d 881, 900 (5th Cir. 2008)). "These factors are: '(A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; (B) projected earnings and other income of the defendant; and (C) any financial obligations of the defendant; including obligations to dependents.' " *Id.* (quoting 18 U.S.C. § 3664(f)(2)). "The district court has discretion to order only nominal periodic payments, 18 U.S.C. § 3664(f)(3)(B) . . . . The district court is in the best position to determine the defendant's ability to pay and the reasonableness of a payment schedule." *United States v. Crawley*, 381 F. App'x 462, 466 (5th Cir. 2010).

On February 26, 2014, this Court sentenced Defendant Denisha Pore to 125 months imprisonment with five years of supervised release and restitution in the amount of $104,384.76. Taking into account Pore's financial status, this Court ordered that restitution begin immediately during Pore's period of imprisonment and stated that such payments could be made through the

1

Federal Bureau of Prisons' Inmate Financial Responsibility Program ("IFRP"). Restitution was ordered to be paid in equal monthly installments while incarcerated, with any balance remaining upon release from incarceration to be paid in equal monthly installments as determined by application of the criminal monetary payment schedule adopted by this Court to Pore's verified disposable monthly income. After restitution was properly set by the Court at sentencing, the Federal Bureau of Prisons had the independent, statutory authority to collect said restitution through the IFRP. *See Schmidt v. U.S. Dep't of Justice*, 34 F. App'x 151, at *1 (5th Cir. 2002) (per curiam); *United States v. McGlothlin*, 249 F.3d 783, 785 (8th Cir. 2001).

Now before the Court is Pore's *pro se* motion to adjust restitution payment [84], wherein Pore argues that she should be allowed under 18 U.S.C. § 3664(k) to make her restitution payments on a quarterly basis of $25.00 while she is incarcerated due to family financial circumstances. Pore's motion [84] presents two requests: (1) a change in the frequency of payments set by this Court in the restitution order, specifically, Pore requests that she be allowed to make quarterly, not monthly, payments; and (2) a change in the payment amount set by the IFRP payment plan, specifically, Pore requests that she be allowed to pay $25.00 on a quarterly basis.

A motion properly urged under 18 U.S.C. § 3664(k) presents "a challenge to the district court's existing restitution order, rather than . . . a challenge to the payment plan created by the Bureau of Prisons under the [IFRP]." *See United States v. Guzman*, 560 F. App'x 426, 427 (5th Cir. 2014) (per curiam). To the extent the motion challenges the frequency of payments set by this Court in the restitution order, Pore's motion falls under 18 U.S.C. § 3664(k). The Court instructs Pore that the Court "may, on . . . the motion of any party, . . . adjust the payment schedule . . . as the interests of justice require," if two conditions are met: (1) the defendant

2

"notif[ies] the court <u>and the Attorney General</u> of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution"; and (2) "[t]he Attorney General . . . <u>certif[ies] to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances</u>." 18 U.S.C. § 3664(k) (emphases added); *see also* 18 U.S.C. § 3572(d)(3). "A change of the sort contemplated by the statute is identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed." *United States v. Grant*, 235 F.3d 95, 100 (2d Cir. 2000) (cited in *United States v. Franklin*, 595 F. App'x 267, 273 (5th Cir. 2014) (per curiam)). Therefore, for this Court to properly consider Pore's request to make quarterly instead of monthly restitution payments, Pore must notify the Attorney General of the changes in her economic circumstances that might affect her ability to pay restitution, and the Attorney General must certify to this Court that the victims owed restitution by Pore have been notified of the change in circumstances. Only if both of those requirements are met can this Court consider that issue.

To the extent Pore seeks a change of the IFRP plan, including her payment amount, she must seek this relief under 28 U.S.C. § 2241 <u>in the district where she is incarcerated</u> and only **after** she has exhausted all administrative remedies. *See United States v. Diggs*, 578 F.3d 318, 319–20 (5th Cir. 2009). Because Pore is incarcerated in Tallahassee, Florida, she must file any such motion in the United States District Court for the Northern District of Florida.

Based on all of the foregoing, Defendant Denisha Pore's *pro se* motion to adjust restitution payment [84] is DENIED WITHOUT PREJUDICE.

An order in accordance with this opinion shall issue this day.

THIS, the 14th day of April, 2015.

/s/ 
SENIOR U.S. DISTRICT JUDGE