IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISIPPI

UNITED STATES OF AMERICA

V.  Criminal No. 3:13-cr-00021-GHD-RP-1
    Civil No. 3:17-cv-00016-GHD-RP

DENISHA PORE

---

## MEMORANDUM OPINION DENYING § 2255 MOTION

---

Now before this Court is Denisha Pore's motion to vacate under 28 U.S.C. § 2255 [97]. In her motion, Pore asks this court to vacate her sentence and resentence her under a lower guideline range because her sentence was based on facts not sufficiently proven by the United States. Because her claims lack merit, the motion should be denied.

Pore pleaded guilty in this matter to committing wire fraud and conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349. This Court sentence to serve of 125 months' imprisonment. Pore appealed that sentence, arguing this Court improperly failed to award her with an offense-level reduction for acceptance of responsibility pursuant to USSG § 3B1.1(c). Pore made no other arguments about the impropriety of her sentence on appeal. The Fifth Circuit affirmed, holding this Court was correct to not grant Pore such a reduction because there was "ample, reliable, and unrebutted evidence to show . . . that Pore embarked on a new fraud scheme after her arrest for the instant fraud offence." *United States v. Pore*, 591 F. App'x 276, 277 (5th Cir. 2015).

Pore has now filed the present motion, arguing the sentencing range under which she was sentenced was improper. Presented as four separate, but similar grounds, Pore's argument is that 1) the Court relied on information not sufficiently proven in determining the guideline range under which to sentence her; and 2) her counsel was ineffective for failing to object to the Court's use of

1

that improper information. Pore's motion fails to identify *what* information this Court improperly considered. Nonetheless, all the information this Court considered in imposing her sentence was sufficiently proven.

This Court relied on the presenting report when imposing Pore's sentence. "In general the PSR bears sufficient indicia of reliability to be considered as evidence by the district court, especially when there is no evidence in rebuttal." *United States v. Cothran*, 302 F.3d 279, 286 (5th Cir. 2002) (citing *United States v. Londono*, 285 F.3d 348, 354 (5th Cir. 2002)). It was Pore's burden to show that the PRS contained information that was "materially untrue, inaccurate, or unreliable." *Londono*, 285 F.3d at 354. Pore did not, either at her sentencing, or in her present motion, provide evidence that the PRS was based on untrue, inaccurate, or unreliable information. Her claim that this Court relied on erroneous information is without merit.

Pore's ineffective assistance of counsel claim also fails. In order to show that she was prejudiced by her counsel's ineffectiveness, Pore must establish that 1) her counsel's "deficient performance was so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment; and 2) "counsel's errors were so serious as to deprive the defendant of a fair trial." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984) "[A] court need not address both prongs [of an ineffective assistance of counsel claim] . . . but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." *Amos v. Scott*, 1 F.3d 333, 348 (5th Cir. 1995).

To prove the second prong of the *Strickland* test, Pore must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 455 U.S. at 684, 104 S. Ct. 2052. Pore must make a "specific showing"

2

of how the alleged errors prejudiced her. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Barnard v. Collins*, 958 F.2d 634, 642 (5th Cir. 1992)).

Pore's claim fails because she does not make a specific showing that her counsel's ineffectiveness, if any, prejudiced her. Pore does not allege what specific information contained in the PSR her counsel should have challenged. In fact, Pore's counsel made seven objections to the PSR prior to sentencing. Further, Pore fails to show how her counsel could have established that the information contained in the PSR was materially untrue, inaccurate, or unreliable. Her ineffective assistance of counsel claim is without merit. Her motion is denied.

An order in accordance with this opinion shall issue.

This, the 3rd day of April, 2018.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE